[L. A. No. 4131.   Department Two.—March 19, 1918.]

CARROLL RAWLINGS, a Minor by Guardian ad Litem, Respondent, v. JOS. FUSTER, Appellant.

NEGLIGENCE—MOTOR VEHICLES—COLLISION BETWEEN AUTOMOBILE AND MOTORCYCLE—INJURY TO RIDER ON MOTORCYCLE—APPEAL—CONFLICTING EVIDENCE.—Since an appellate court cannot weigh conflicting evidence, it will not review it, but will affirm a judgment for the plaintiff, on a trial by the court of an action for damages for personal injuries sustained by the plaintiff, through the defendant negligently running his automobile into plaintiff's motorcycle, where the finding of defendant's negligence is supported by evidence, and where there is nothing in the record to indicate that the damages awarded were excessive.

ID.—OMISSION OF FINDINGS—WHEN NOT PREJUDICIAL.—Where the complaint alleged the payment of money for medical attendance but no evidence was offered on that question, the failure of the court to find on that issue could not prejudice the rights of the defendant.

ID.—COUNTY TRAFFIC ORDINANCES—ACCIDENT OCCURRING IN CITY—ADMISSION OF EVIDENCE UNPREJUDICIAL.—Although, in the instant case, the accident occurred in the city of Burbank, admission in evidence of traffic ordinances of the county of Los Angeles was unprejudicial, the provisions of the ordinances being substantially the same as those of the Motor Vehicle Act.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Wm. D. Dehy, Judge.

The facts are stated in the opinion of the court.

J. L. Fleming, and W. S. Knott, for Appellant.

J. Walter Hanby, for Respondent.

VICTOR E. SHAW, J., pro tem.—Action to recover damages for personal injuries alleged to have been sustained by reason of defendant's negligence in operating an automobile with which plaintiff's motorcycle collided.

Judgment went for plaintiff, from which, and an order denying his motion for a new trial, defendant appeals.

The appeal is wholly without merit. As usual in such cases, there is a sharp conflict of evidence. That of plaintiff, in

accordance with which the court made its findings, clearly tends to show that the accident, in the absence of any negligence on the part of plaintiff, was due to defendant's act in negligently operating his car on the wrong side of the highway contrary to the provisions of the Motor Vehicle Act. Since we cannot weigh conflicting evidence, it would be an idle task to review the same. Suffice it to say, there is ample testimony to support the finding that the injury was, as alleged in the complaint, caused by defendant's negligence in operating his car, and that plaintiff was not chargeable with any negligent act contributing to his injury.

The court fixed the damage sustained by plaintiff at the sum of one thousand dollars. The injuries sustained by plaintiff appear to have been of a serious and permanent nature, and, other than the bare suggestion of appellant, there is nothing in the record to indicate that the sum so awarded is excessive.

While plaintiff alleged that he paid out fifty dollars for medical attendance, no evidence was offered in support thereof; hence the failure of the court to find upon such issue could in no event prejudice the rights of defendant.

Conceding, as claimed by appellant, that since the accident occurred in the city of Burbank, the court erred in admitting in evidence parts of certain traffic ordinances of the county of Los Angeles, nevertheless, no prejudice resulted therefrom, for the reason that the provisions of the ordinance so received in evidence related to matters covered by the Motor Vehicle Act and as to which the provisions are substantially the same.

The judgment and order are affirmed.

Wilbur, J., and Melvin, J., concurred.